PETTY, Plaintiff-Appellant, v. DAYTON MUSICIANS' ASSN., Local 101, A. F. of M., Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 2473. Decided September 18, 1958.

Guy E. Miller, Dayton, for plaintiff-appellant.

Frederick W. Howell, Dayton, Merritt E. Schlafman, Fairborn, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County sustaining defendant's motion for judgment on the pleadings.

Plaintiff operated as a sub-booking agent under the license of a qualified broker. This relationship was terminated by the Musicians' Union and notices were sent to the members of the union instructing them not to negotiate or enter into contracts with the plaintiff. Plain-

tiffs claims damages by reason of the termination of said relationship and also because of the distribution of said notices to the members of the union. The defendant in its answer admits publication of the notice and distribution of said notices to its members; alleges that such was a privileged communication between the members and the defendant organization; alleges that the plaintiff's relationship as a sub-booking agent was terminated; that defendant acted in accordance with its rules and regulations. The reply denies certain allegations in the answer.

The defendant filed a motion for judgment on the pleadings. While the motion was pending, in a subsequent term of court, and without leave of court, the plaintiff filed a second amended petition. In this petition plaintiff alleges that the notices were distributed not only to members of the defendant union but also to "other persons." Subsequently plaintiff filed a motion for leave to re-file the second amended petition or leave to file another amended petition.

In the entry sustaining the motion for judgment on the pleadings, the court stated that it had disregarded the second amended petition since it was filed without leave of court. However, the court in the entry noted that the second amended petition did not state any new facts, except the allegation that the notices had been distributed not only to the members of the union but also to third parties. In a separate entry the court overruled the motion of plaintiff for leave to file a second amended petition.

Plaintiff's notice of appeal is directed to the judgment rendered on March 24, 1958, the day on which the entry was filed sustaining the motion for judgment on the pleadings; the entry overruling plaintiff's motion for leave to file a second amended petition was filed the same day. During the oral argument of this case counsel for appellant, upon being interrogated on this matter, stated that the appeal was from the order granting judgment on the pleadings, although in the brief of counsel for appellant the only matter discussed is the action of the court in overruling plaintiff's motion for leave to file the second amended petition.

Without question, the court properly held that the amended petition which the court considered in rendering judgment on the pleadings failed to state a good cause of action. We approve of the conclusions of the trial court set forth at length in the judgment entry and the reasons assigned therefor.

We question whether the action of the court in overruling plaintiff's motion for leave to file a second amended petition is embraced in this appeal. However, this Court has no hesitancy in passing on this matter inasmuch as it was briefed and presented in oral argument.

Whether the plaintiff should have been accorded the privilege of filing a second amended petition rested within the sound discretion of the trial court. Unless this Court finds an abuse of discretion on the part of the trial court a case of reversible error is not presented.

In passing on the motion for leave to file a second amended petition the trial court held that the additional allegation in the second amended

petition to the effect that notices had been sent to "other persons" did not strengthen plaintiff's case. There was no allegation identifying such other persons, or what relationship existed between the plaintiff and such other persons. In our opinion the trial court did not abuse its discretion in overruling the motion for leave to file the second amended petition.

Finding no error in the record prejudicial to the rights of the plaintiff the judgment is affirmed.

Counsel will draw the proper entry.

HORNBECK, PJ, WISEMAN and CRAWFORD, JJ, concur.