197 So.2d 12 (1967)
H.M. COVERT, Appellant,
v.
TERRI AVIATION, INC., a Delaware Corporation, and George Barrie, Individually, Appellees.
No. 66-365.
District Court of Appeal of Florida. Third District.
March 21, 1967.
Robert M. Palmer, Miami, for appellant.
Frates, Fay, Floyd & Pearson, Miami, for appellees.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ.
*13 HENDRY, Chief Judge.
Plaintiff, H.M. Covert, appeals from an order dismissing his third amended complaint with prejudice as to the defendants, Terri Aviation, Inc. and George Barrie, individually
On June 1, 1963, Terri Aviation, Inc. entered into a written contract with Covert wherein Covert was hired to sell one DC6B aircraft N 37569 to Compagnia Dominicana d'Aviacion. The contract provided that Covert was to receive $15,000.00 from Terri Aviation on the day that financing had been completed and monies disbursed.
In his third amended complaint, Covert alleges that on July 1, 1963, the contract was orally modified by the parties so that Covert would be paid the $15,000.00 immediately upon the signing of a contract between Terri Aviation and Compagnia Dominicana d'Aviacion, and that he did arrange for and deliver a signed contract. It is further alleged that Terri Aviation has refused his demand for $15,000.00 commission as agreed upon.
As a second cause of action, Covert alleges that George Barrie is the controlling stockholder of Terri Aviation and that Barrie did maliciously induce Terri Aviation to break its agreement with Covert. Whereby he demands compensatory and punitive damages against Barrie individually.
In testing the sufficiency of a complaint, all well pleaded allegations must be accepted as true.
The trial court correctly dismissed the second cause of action with prejudice against George Barrie, individually. Barrie, acting as a representative of Terri Aviation can not be sued in tort for allegedly procuring a breach of contract by Terri Aviation. See Days v. Florida East Coast Railway Company, Fla.App. 1964, 165 So.2d 434.
Accepting the allegations of the complaint as true, we hold that it does state a cause of action against Terri Aviation. Therefore, the trial court erred in dismissing the complaint as to the cause of action for breach of contract against Terri Aviation. That portion of the order dismissing the complaint against George Barrie, individually, is affirmed; that portion of the order dismissing the complaint against Terri Aviation is reversed and the cause remanded for further proceedings.
Affirmed in part, reversed in part and remanded.