343 So.2d 851 (1976)
Andrew P. SERAFINO et Ux., Appellants,
v.
PALM TERRACE APARTMENTS, INC., Appellee.
No. 76-264.
District Court of Appeal of Florida, Second District.
December 1, 1976.
Charles J. Cheves, Jr., of Cheves & Hazen, Venice, for appellants.
Jack McGill, of Berg & McGill, and T. Lamar Hazen, Jr., Venice, for appellee.
SCHEB, Judge.
Appellants, as plaintiffs below, sued defendant/appellee, alleging it interfered with the plaintiffs' contractual relations with Lola McGlocklin Elam by refusing to approve transfer of Elam's cooperative apartment leasehold to the plaintiffs. A nonjury trial resulted in judgment of $700 for the plaintiffs against the defendant, a nonprofit corporation responsible for approving transfer of leaseholds in the apartment complex. This appeal and cross appeal ensued with the plaintiffs contending *852 the trial court erred in limiting their recovery to $700 and by refusing to also grant judgment against the members of defendant's board of directors, while defendants urge us to hold the trial judge erred in failing to dismiss plaintiffs' suit on grounds no cause of action was established. We agree with defendant's position on its cross appeal. We reverse.
To establish the tort of interference with a contractual or business relationship between parties, it is necessary for the plaintiffs to allege and prove:
"(1) the existence of a business relationship under which the plaintiff has legal rights, (2) an intentional and unjustified interference with that relationship by the defendant, and (3) damage to the plaintiff as a result of the breach of the business relationship." Symon v. J. Rolfe Davis, Inc., 245 So.2d 278 (Fla. 4th DCA 1971); Nichols v. MoAmCo Corp., 311 So.2d 750 (Fla. 2d DCA 1975).
Here the plaintiffs established they had entered into a contract with Elam to acquire her leasehold interest in Apartment No. 14 of Palm Terrace Apartments. That contract required Elam to convey title by "proper assignment of lease." The lease under which Elam holds her interest provides:
"9. The Lessee may not assign, sell, transfer or sub-lease any of his rights under the lease without the written consent of the Lessor (acting through its Board of Directors), which consent, however, shall not be unreasonably withheld. In granting such consent, the Lessor may take into consideration the desirability of the prospective sub-lessee, assignee or transferee to the end that PALM TERRACE APARTMENTS will be occupied by persons of high moral standards and persons socially acceptable to the other Lessees of PALM TERRACE APARTMENTS... ."
Evidence before the trial court showed that plaintiffs explained to the defendant's Credentials Committee that they were purchasing Elam's apartment as an investment with the intention of renting it to others. Since most of the apartment owners in that complex were retirees, the Committee determined it would be incompatible to the other lessees to allow assignment of Elam's lease to a nonresident owner. The defendant's board of directors agreed and declined to approve the proposed assignment to plaintiffs.
Essentially, the issue we reach on the cross appeal is whether or not the defendant Palm Terrace may be held liable to the plaintiffs for intentional interference with contractual relations when the defendant is acting under a pre-existing contract between it and Elam. We are not here dealing with the question of whether there has been a breach of its contract with Elam by the defendant unreasonably withholding its consent to the proposed transfer. There are a legion of cases which hold that such a cause of action lies when a lessor acts unreasonably. See Annotation in 54 A.L.R.3d 679 (1973).
The law recognizes that a contracting party has a justification or privilege to interfere where necessary to protect that party's own contractual rights provided such interference is without malice. 45 Am.Jur.2d, Interference, Section 29. And, although the texts and cases are somewhat imprecise in their treatment of the subject of privilege, the following statement by the Ohio courts appears to bring the subject into proper focus:
"One who purposely causes a third person not to enter into or continue a business relation with another in order to influence the other's policy in the conduct of his business is privileged if (1) the actor has an economic interest in the matter with reference to which he wishes to influence the policy of the other, (2) the desired policy does not illegally restrain competition or otherwise violate a defined public policy, and (3) the means employed are not improper." Petty v. Dayton Musicians' Assoc., 153 N.E.2d 218 (Ohio Com. Pl. 1958), aff'd. 153 N.E.2d 223 (Ohio App.).
*853 In its lease arrangement with Elam the defendant reserved the right to be involved in any assignment of her leasehold interest. The defendant's interest under the contract is sufficient to allow it to invoke the right or privilege to interfere. For the plaintiffs to have succeeded, it was necessary for them to plead and prove that the defendant, as a third party, acted maliciously. Hunter Lyon, Inc. v. Walker, 152 Fla. 61, 11 So.2d 176 (1942). There was no such allegation or proof. On the contrary, the defendant's board of directors simply made a judgment on a matter directly related to its interest in having its apartment complex occupied by persons socially acceptable to the other lessees. The defendant's actions were exercised for proper purposes and through appropriate means. No malice toward the plaintiffs was established. Whether that judgment was unreasonable is a matter of contract between Elam and the defendant. But, even if unreasonable, the defendant's action did not give rise to a tort action in favor of a third party since the defendant was privileged to act by proper means to protect its own rights from being prejudiced by the plaintiffs. D & S Farms v. Producers Cotton Oil Co., 16 Ariz. App. 180, 492 P.2d 429 (1972), citing W. Prosser, the Law of Torts, § 123, at 969 (3d Ed. 1964). Cf. Babson Bros. Co. v. Allison, 337 So.2d 848 (Fla. 1st DCA 1976).
Accordingly, we hold the defendant was privileged to attempt to prevent performance by Elam by declining to approve the transfer of her leasehold to the plaintiffs. It is, therefore, unnecessary to reach the points raised by the appellants.
We reverse and direct the trial court to vacate the judgment previously entered against the defendant/appellee.
BOARDMAN, Acting C.J., and GRIMES, J., concur.