QUESTION:
May an officer or representative of a licensed nonprofit child care agency that has the care and custody of a person under 18 years of age sign the application of such person for a driver's license pursuant to s. 322.09(1)(a) and (3), F. S., on behalf of such agency and bind the agency instead of the officer or representative that signs on behalf of the agency?
SUMMARY:
A licensed nonprofit child care agency having custody of a minor may sign and minor's application for an instruction permit or operator's license under s. 322.09(1)(a), F. S., if neither parent of such minor is living, if incorporated, or if unincorporated and so provided by its governing charter, contract, constitution, or bylaws, and the execution binds and makes the child care agency if incorporated, and if an unincorporated association, the members thereof, liable under s. 322.09(3), F. S., for any negligence or willful misconduct of such minor applicant and not the authorized individual officer, agent, or representative who signed the application in such capacity for and on behalf of such child care agency.
Section 322.09(1)(a), F. S., provides:
 The application of any person under the age of 18 years for an instruction permit or operator's license shall be signed by both the father and mother of the applicant, if both are living and have custody of him, or in the event neither parent is living, then by the person . . . having such custody . . . who is willing to assume the obligation imposed under this chapter upon a person signing the application of a minor. (Emphasis supplied.)
Section 322.09(3), F. S., provides:
 Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person or head of a family who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct. (Emphasis supplied.)
 Section 1.01(3), F. S., provides that in construing the Florida Statutes and each word or phrase thereof, where the context permits, the word `person' includes `. . . associations, . . . fiduciaries, corporations, and all other groups or combinations.'
 For the purposes of Ch. 322, F. S., s. 322.01(5) defines `person' to mean `[e]very natural person, firm, copartnership, association or corporation.'
 A licensed nonprofit child care agency, whether incorporated or an association, is a `person' within the purview of ss. 322.01(5) and 322.09(1)(a) and (3), F. S., because the context permits and, therefore, is authorized (where the association's contract, constitution, or bylaws authorize or permit such action) to sign the application of a minor (any person under the age of 18 years) for an instruction permit or operator's license under s. 322.09(1)(a) and assume liability under s. 322.09(3) for any negligence or willful misconduct of such minor when driving a motor vehicle upon a highway if it has custody of the minor applicant and if neither parent of such minor is living.
 Such a licensed child care agency if incorporated, and if unincorporated and so provided by its governing contract, constitution, or bylaws, operates through its duly authorized officers, agents, and representatives acting under and as provided for by its charter, constitution, or bylaws. See, generally, Covert v. Terri Aviation, Inc., 197 So.2d 12, 13
(3 D.C.A. Fla., 1967); Brown v. Cahill, 157 So.2d 871, 873 (3 D.C.A. Fla., 1963); Mease v. Warm Mineral Springs, Inc., 128 So.2d 174, 179 (2 D.C.A. Fla., 1961); Hunt v. Adams, 149 So. 24, 25 (Fla. 1933). See also 19 C.J.S. Corporations ss. 993, 997. 7 C.J.S. Associations ss. 11, 12, 19, 20. Such minor's application for an instruction permit or operator's license must, of necessity, be executed or signed for such child care agency by such officers, agents, or representatives as authorized by its charter, constitution, or bylaws, and such execution binds and makes the child care agency if incorporated, and if an unincorporated association, the members thereof, the `person' liable under s. 322.09(3), F. S., for any negligence or willful misconduct of such minor applicant and not the authorized individual officer, agent, or representative who signed the application in such representative capacity for and on behalf of such incorporated or unincorporated child care agency.
 It should be noted that whoever owns any motor vehicle and consents to a minor operating the same should fully comply with the existing insurance and financial responsibility laws of the State of Florida. However, to the extent that damages caused by the negligence or willful misconduct of any such minor operator exceed such insurance coverage, the licensed child care agency signing the minor's application for an instruction permit or operator's license under s. 322.09(1)(a), F. S., would remain jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct as provided in s. 322.09(3), F. S. The authorized officer, agent, or representative who signed such minor's application when acting in such capacity for and on behalf of the licensed child care agency, pursuant to s. 322.09(1)(a) does not assume, and is not legally charged with, any personal liability because in legal effect it is the licensed child care agency that is the `person' signing the minor's application and assuming the liability imposed under s. 322.09(3), assuming that in the case of an association the contract, constitution, or bylaws of the association so authorizes or permits and the application is signed by the authorized officer or representative in the name of the association and the manner of signing clearly imputes an intention to bind only the association and not the individual agent, officer, or representative personally.
 It is a settled rule that where a statute enumerates the things on which it is to operate (here, a person having custody of a minor where neither parent of such minor is living), it impliedly excludes from its operation all things not expressly mentioned, Thayer v. State, 335 So.2d 815, 817
(Fla. 1976), Interlachen Lakes Estates, Inc. v. Snyder, 304 So.2d 433, 434 (Fla. 1973), or where it sets forth exceptions (here, in the event neither parent of a minor applicant is living), no other exceptions may be implied to be intended. Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952), Biddle v. State Beverage Department, 187 So.2d 65, 67 (4 D.C.A. Fla., 1966); also see Farrey v. Bettendorf, 96 So.2d 889, 893 (Fla. 1957). Moreover, a statutory direction as to how a thing is to be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944). Therefore, since s. 322.09(1)(a), F. S., authorizes an incorporated or unincorporated child care agency having custody of a minor to sign the application of a minor for an instruction permit or operator's license only when neither parent is living, the statute cannot be construed as permitting such agency to sign a minor's application for an instruction permit or operator's license where either or both parents are living.
 In situations where a child care agency has either temporary or permanent custody of a minor and either parent of such child is living, remedial legislation is required to provide for a child care agency to sign such minor's application for an instruction permit or operator's license, because the existing statute does not authorize the agency to sign such application in such situations, nor does it authorize the Department of Highway Safety and Motor Vehicles to issue an instruction permit or operator's license to a minor on an application signed by the agency in such situations. The Attorney General, of course, is without power to rewrite the statute or by construction to add additional exceptions or conditions to include situations where either or both parents are living.
Prepared by: David J. Baron Assistant Attorney General