358 So.2d 119 (1978)
Antionette B. SUTTON, Appellant,
v.
Albert D. STEWART, Jr., d/b/a al Stewart & Associates, Appellee.
No. FF-102.
District Court of Appeal of Florida, First District.
May 4, 1978.
S. Gordon Blalock of Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for appellant.
William P. Healy of Mahoney, Hadlow & Adams, Jacksonville, for appellee.
McCORD, Chief Judge.
This is an appeal from final judgment in favor of appellee in a suit for tortious interference *120 by appellant with a business relationship between appellee and one Johnson. We find no error and affirm.
The suit below was tried before the court without a jury. There the intervenor Stewart (appellee) filed an intervention claim against appellant Sutton (the nominal plaintiff who had sued Johnson, the nominal defendant) contending that appellee Stewart had an exclusive listing contract with Johnson to sell Johnson's vacant lot and that appellant Sutton knowingly and wrongfully purchased the lot direct from Johnson and thereby deprived appellee Stewart of a sales commission. The trial court entered a money judgment against appellant Sutton for $1,500 representing 10% of the amount paid by appellant Sutton to Johnson for the lot.
On October 16, 1975, Stewart listed for sale a vacant lot owned by Johnson and wife under an exclusive right of sale listing which contained the usual language that while the listing was for 90 days, it would continue until revoked by 15-day notice in writing by the owner. Stewart erected the usual "for sale" sign on the lot. When the 90 days expired, Johnson did not revoke the listing but assumed that it had expired. Subsequently, the exclusive right of sale listing being still in effect, appellant Sutton, a licensed real estate salesperson since 1974, entered into an agreement to purchase the property, and thereafter Sutton filed the suit below against Johnson for specific performance. Stewart, as aforesaid, intervened in the suit seeking his commission, and Johnson and Sutton thereafter settled their differences and closed the sale for $15,000. Stewart persisted in his claim against both Sutton and Johnson for his commission and obtained a final judgment against Johnson. He thereafter proceeded to trial and final judgment against Sutton when the judgment against Johnson was uncollectible.
Sutton contends that the court erred in denying her motions for directed verdict and for new trial. We find no error in this regard  the evidence supports the trial court's action. Both appellant and appellee agree that the applicable law is set forth in this Court's opinion in Smith v. Ocean State Bank, 335 So.2d 641 (Fla. 1 DCA 1976), as follows:
"From our analysis of the question, we conclude that the basic necessary elements to establish tortious interference with a business relationship are the following: The existence of a business relationship not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the interferer; (3) an intentional and unjustified interference with that relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship."
Of the above four elements, the only questionable one in this case is No. 2  knowledge of the relationship on the part of the interferer. If there was such knowledge, element 3 follows from that knowledge because if Sutton knew in her dealings with Johnson that Stewart had an exclusive right to sell the property, such action on her part was an intentional and unjustified interference with that relationship. Although Sutton testified that she did not know of the relationship, the credibility of her testimony was a matter for the trial judge's determination. On the other side of the coin, the trial court had evidence before it that Thomas Lide, whose relationship to Sutton was described by her as "either partner or business associate or something like that" knew of Stewart's exclusive right to sell and that at the time of trial, Lide was the fiance of Sutton. Sutton herself testified that Lide told Johnson that he and Sutton "were thinking of collaborating and building on the lot." The evidence also showed that Sutton and Lide had visited the property and saw Stewart's sign on it; that when Sutton and Lide visited Johnson in March, 1976, Johnson told them about the exclusive right of sale with Stewart. Although Johnson testified that he told Sutton he "thought" the exclusive right of sale had run out after 90 days, Sutton knew that written termination was required by the Jacksonville Real Estate Board, and she did not ask Johnson whether he had made a written termination.
*121 When we consider the above related evidence together with Sutton's real estate training and familiarity with the Jacksonville Real Estate Board's forms, it is apparent that these facts constituted sufficient circumstantial evidence to support a conclusion that she deliberately by-passed Stewart's exclusive right of sale with knowledge of the existence of that right. The trial court, therefore, did not err in denying appellant's motions for directed verdict and in entering judgment for appellee Stewart.
We have considered the other point raised by appellant and find it to be without merit.
AFFIRMED.
MELVIN, J., and CREWS, Associate Judge, concur.