418 So.2d 1074 (1982)
HEAVENER, OGIER SERVICES, INC., Appellant,
v.
R.W. FLORIDA REGION, INC. and R.W. Florida, Inc., Appellees.
No. 81-1069.
District Court of Appeal of Florida, Fifth District.
August 4, 1982.
Rehearing Denied September 7, 1982.
*1075 Thomas M. Baumer of Gallagher, Baumer, Mikals & Bradford, P.A., Jacksonville, for appellant.
Leon H. Handley and Francis E. Pierce, III, of Gurney, Gurney & Handley, P.A., Orlando, for appellees.
COWART, Judge.
This case involves a temporary injunction against the tortious interference with a contractual relationship by one national real estate franchisor soliciting the franchise holders of another national real estate franchisor.
Each party is in the business of selling to local brokers the real estate associate franchises of two competing national real estate chains. Appellee had existing franchise contracts for terms of years with certain franchisees and appellant, knowing of these contracts, actively, and aggressively solicited appellees' franchisees to enter into franchise agreements with appellant. Appellant's franchise agreement required the franchisee to act exclusively for appellant; thus, if the solicitation was successful, it was necessary for appellees' franchisees' to terminate their contract with appellees. Under these circumstances the trial judge issued a temporary injunction restraining each party from contacting franchisees of the other for the purpose of inducing or persuading such franchisees to breach their existing agreement and to enter into a franchise agreement with the soliciting party. Appellant appeals. We affirm.
In seeking a temporary injunction, the moving party must generally show (1) a clear legal right or interest in the subject matter of the suit, (2) a substantial likelihood of success on the merits and (3) the likelihood of irreparable harm because of the unavailability of an adequate remedy at law. See, e.g., Russell v. Florida Ranch Lands, Inc., 414 So.2d 1178 (Fla. 5th DCA 1982). Temporary injunctions have been recognized as a viable form of relief in a suit for tortious interference with a contract. See, e.g., Knight v. City of Miami, 127 Fla. 585, 173 So. 801 (1937); Dade Enterprises, Inc. v. Wometco Theaters, Inc., 119 Fla. 70, 160 So. 209 (1935). However the proof required for each of these elements is not clear and in suits of this type *1076 irreparable harm is sometimes assumed.[1] In Insurance Field Services, Inc. v. White & White Inspection & Audit Service, Inc., 384 So.2d 303 (Fla. 5th DCA 1980), this court[2] held that the essentials of the tort of tortious interference with contract were:
(1) the existence of an advantageous business relationship under which the plaintiff has legal rights;
(2) an intentional and unjustified interference with that relationship by the defendant, and
(3) damage to the plaintiff as a result of the breach of the business relationship.

Id. at 306.
These essentials[3] can be broken down into more elemental parts as: (1) an advantageous[4] (2) business relationship (3) under which plaintiff has legal rights, plus (4) an intentional[5] and (5) unjustified (6) interference with that relationship (7) by the defendant which (8) causes (9) a breach of that business relationship and (10) consequential damages.
Although all the above are elements must be proven, the cases generally turn upon the proof submitted with regard to elements (4) and (5): the intentional and unjustified interference.[6] In Insurance Field Services, this court stated
The question of whether appellants' admittedly intentional interference was unjustifiable depends upon a balancing of the importance, social and private, of the objective advanced by the interference against the importance of the interest interfered with, considering all circumstances among which the methods and means used and the relation of the parties are important. Restatement 2d, Torts § 767 and comments.
384 So.2d at 306-07.
If a defendant interferes with a contract in order to safeguard a preexisting economic interest of his own, the defendant's right to protect his own established economic interest outweighs the plaintiff's right to be free of interference, and his actions are usually recognized as privileged and nonactionable.[7] *1077 However, where a defendant has no prior economic interest of his own to safeguard but only a prospective business advantage that is not yet realized, the defendant has no such privilege to interfere with an existing contract. Here, competition and free enterprise must give way to the existing contract and the party's right to rely on that contract. One exception to this rule is where the existing contract is terminable at will;[8] competition is then recognized as a privilege because the plaintiff's right to have the relationship continue is only an expectancy and this right loses when balanced against both the interferer's legitimate rights in pursuing a prospective business advantage and the public policy of free enterprise.[9] However, there is an exception to this exception. Even if the contract is terminable at will, the interferer's actions are tortious and actionable if the motive is purely malicious and not coupled with any legitimate competitive economic interest.[10] In such a situation, the interfered party's mere expectancy that the contract will continue outweighs a purely malicious motive.
Under the facts stated above, the trial court correctly entered an injunction finding, without ruling on the merits, that appellee presented evidence indicating a "substantial likelihood of success on the merits."
The injunction in the instant case enjoined both the plaintiff and the defendant from contacting by mail, telephone call, personal visit, or otherwise any franchisee of the opposing party for the purpose of offering to sell a franchise, furnishing information concerning the sale of a franchise, or inducing or persuading any such franchisee to breach its franchise agreement with the other party. The injunction went on to provide that if contact was initiated by the opposing party's franchisee, the parties were only allowed to furnish written information concerning their franchise programs and were required to include a written notice they would be pleased to meet with the interested franchisee after that franchisee's present contractual agreement had expired. As written, the injunction enjoined the parties from initiating contacts with a franchisee of the other party, even if the purpose of the contact was to discuss changing franchises at the conclusion of the franchisee's existing agreement. Although the injunction was very broad in this respect, the policing of a more closely defined injunction would be difficult and the practical effect of the injunction would be emasculated. Therefore the injunction as written was not overly broad and is
AFFIRMED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See, e.g., Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982), adopted en banc on rehearing, 415 So.2d 733 at 735 (Fla. 3d DCA 1982) [1982 FLW 1439]; cf. Sentry Ins. v. Dunn, 411 So.2d 336 (Fla. 5th DCA 1982) (irreparable injury presumed in case involving violation of a covenant not to compete and therefore need not be alleged or proved).
[2] This opinion was written by a panel of Fourth District Court of Appeal judges sitting as associate judges for the Fifth District Court of Appeal.
[3] Every district court of appeal has accepted the above statement as a correct statement of the elements of the subject tort. See, e.g., Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980); Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), review denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981); Sutton v. Stewart, 358 So.2d 119 (Fla. 1st DCA 1978); Serafino v. Palm Terrace Apartments, Inc., 343 So.2d 851 (Fla. 2d DCA 1976).
[4] Whether the business relationship is advantageous or not would effect the damages suffered.
[5] This element encompasses the requirement that the defendant know about the contract he is interfering with. See, e.g., Sutton v. Stewart, 358 So.2d 119 (Fla. 1st DCA 1978); Smith v. Ocean State Bank, 335 So.2d 641 (Fla. 1st DCA 1976).
[6] Additionally, there is some question as to whether a plaintiff must prove the interference was "unjustified," or whether "justification" is a matter of defense with the burden of proof on the defendant. Both the Third and Fourth Districts have held that the plaintiff need only show an intentional interference and that this shifts the burden to the defendant to show that his interference was justified or privileged. See, e.g., Wackenhut Corporation v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980); Ethyl Corporation v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), review denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981).
[7] See, e.g., Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), review denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981) (interfering defendant held position as major creditor and co-obligor on a note with the plaintiff, therefore "interference" was to protect own economic interest); Nitzberg v. Zalesky, 370 So.2d 389 (Fla. 3d DCA 1979) (interfering defendant was mortgage lender); Babson Bros. Co. v. Allison, 337 So.2d 848 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 944 (Fla. 1977) (interfering defendant was controlling stockholder in corporation). See also Restatement (Second) of Torts § 769 (1979).
[8] See, e.g., Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982), adopted en banc on rehearing, 415 So.2d 733 at 735 (Fla. 3d DCA 1982).
[9] See generally W. Prosser, Law of Torts § 129, at 942-46 (1971); Restatement (Second) of Torts § 767 comment (f), § 768 (1979).
[10] Chipley v. Atkinson, 23 Fla. 206, 1 So. 934 (1887); Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), review denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981); Babson Bros. Co. v. Allison, 337 So.2d 848 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 944 (Fla. 1977).