183 So.2d 43 (1966)
J.B. MAYS, Appellant,
v.
Daniel D. STRATTON, Appellee.
No. G-387.
District Court of Appeal of Florida. First District.
February 17, 1966.
Rehearing Denied March 4, 1966.
*44 William H. Maness, and John S. Duss, Jacksonville, for appellant.
John Paul Howard, Jacksonville, for appellee.
WIGGINTON, Judge.
Defendant has appealed a final judgment based upon a jury verdict awarding plaintiff the sum of $15,000.00 compensatory damages, and $5,000.00 punitive damages, in a tort action alleging interference with plaintiff's favorable employment relationship with his employer.
Appellant first questions the sufficiency of the evidence to establish liability and contends that the trial court erred in denying his motion for a direct verdict and his post-trial motion for judgment notwithstanding the verdict. The complaint alleges and the proof establishes that plaintiff voluntarily terminated his employment with defendant and thereafter sought and was successful in obtaining temporary part-time employment with a new employer. Plaintiff's new employer sent defendant a personnel data questionnaire with the request that the information called for therein be furnished by defendant and returned to the employer. Among the questions asked was the reason why plaintiff left defendant's service to which defendant replied, "Caught in disloyal act." As a result of this information plaintiff was discharged from his new employment and the institution of this action followed. The complaint alleges and the proof is susceptible of the conclusion apparently reached by the jury that the information furnished by defendant to plaintiff's employer was false, and was given maliciously with the intent to injure plaintiff in his employment.
Appellant contends that the information he furnished to plaintiff's employer was qualifiedly privileged, and the fact that it may have been false or was motivated by malice is wholly immaterial and not sufficient to impose liability on him for the damages suffered by plaintiff as a result thereof. We do not understand this to be the law in this state. Although a statement derogatory of another's character and otherwise libelous may be qualifiedly privileged when made in response to a legal, moral or social obligation and for good motive, such a statement loses its privileged character if it is knowingly false and maliciously made for the purpose of injuring the one adversely affected thereby.[1]
Appellant also assigns as error the ruling of the trial court admitting in evidence over defendant's objection the 1959 Commissioner's Standard Ordinary Mortality Table for a person twenty-six years of age, this being the age of plaintiff at the time of his discharge.
From the evidence it appears without dispute that plaintiff's employment by his *45 new employer was not on a full-time basis, but only as a regular casual laborer to be called if and when his services were needed. The secretary of plaintiff's company in charge of personnel testified that at the time plaintiff was employed, his company was not then nor was it at the present time employing any regular full-time employees at its office in Jacksonville where plaintiff lives, and did not propose to do so in the future. The evidence further establishes that during the period of plaintiff's employment with his new employer he worked as a casual laborer for only one day during the month of May, seven days during the month of June, and six days during the month of July prior to his discharge. Plaintiff's employment was for a total of 109.11 hours for which he was paid at the rate of $3.12 per hour. Plaintiff further testified that if he had not been discharged, and if he had been permitted to work a total of thirty-nine hours each week for the entire period transpiring between the date of his discharge and the date of trial, and had he been paid at the rate of $3.12 an hour for his labor, he would have earned the total sum of $4,574.88. On the basis of this testimony plaintiff offered in evidence the 1959 Commissioner's Standard Ordinary Mortality Tables for a person twenty-six years of age. Plaintiff testified that he was twenty-six years old at the time he was discharged by his new employer. The mortality tables reveal that plaintiff had a life expectancy of forty-four years. It was upon this evidence that the jury awarded plaintiff compensatory damages in the sum of $15,000.00.
It is our view and we so hold that under the undisputed evidence regarding appellee's employment status with his new employer the mortality tables showing plaintiff to have a life expectancy of forty-four years were wholly irrelevant, incompetent, and immaterial to establish a basis for the damages claimed to have been suffered as the result of his wrongful discharge. Plaintiff was not a permanent employee of the company for which he worked, but occupied the status of a part-time casual employee who was on a standby basis and subject to call only if and when his services were needed. There is no basis in the record for assuming that had plaintiff not been discharged, he would have worked in future months any more often than the one day he worked in the month of May, or the seven days he worked in the month of June, or the six days that he worked in the month of July. The record is devoid of any evidence tending to establish the period of time plaintiff could have reasonably expected to be employed even as a part-time casual employee. Such sporadic and uncertain employment does not form a proper predicate for receiving in evidence the mortality tables showing plaintiff's life expectancy as a basis for calculating damages for the loss of what he would have earned as a permanent full-time employee over the remaining period of his employable life.
The general rule prevailing in this country appears to be that merely because a person's employment is terminable at will, this fact will not relieve one whose wrongful act caused the employee to lose a position of gainful employment in which the jury could find that, so long as his work proved satisfactory, his employment would have continued, subject, of course, to any uncertainties of the business and of his ability to labor.[2] The fact that the injured employee's term of employment is terminable at will only affects the amount which he may receive as damages proximately resulting from his wrongful discharge.[3]
In Chipley v. Atkinson, a case similar in many respects to the one we now review, the Supreme Court said:
"* * * If there was no agreement for any particular period of time, but the employment was one in which the *46 agreement was that plaintiff should be given employment as long as he performed his work satisfactorily, and he has been discharged from it solely through the malicious and wrongful procurement of the defendant, and injury has resulted, he should have laid his case accordingly; but such is not the averment here. The fact that the actual damage may not be ascertainable in such a case would not defeat a recovery of at least nominal damages. * * *"[4]
Where an employee whose employment is terminable at will is wrongfully discharged because of the tortious conduct of another, the amount of nominal damages to which he is entitled under the rule in Chipley v. Atkinson, supra, is that which he can reasonably establish he has suffered, taking into account, but not necessarily limited to, the type of employment in which he was engaged, the stable or unstable character of his employer, his past employment record, his age, condition of health and ability to labor, and the probability or likelihood that his employment would have continued in the future for a reasonable period of time had his services not been terminated. Such amount must necessarily be diminished by the amount of compensation earned by the plaintiff subsequent to his discharge.
The general rule is equally well settled that in cases of this kind the plaintiff may not recover speculative or conjectural profits or losses of any description, and the measure of recovery is limited to the actual losses established by competent substantial evidence.[5]
The mortality tables admitted in evidence in this case could have had no effect upon the jury other than to confuse the issue and form a false basis for calculating such damages as the jury might have otherwise found the plaintiff to be entitled. The validity of this view is demonstrated by the excessive amount of the verdict rendered by the jury which has no rational basis in the evidence adduced by the parties.
We have carefully considered the remaining points on appeal urged by appellant as grounds for reversal, but find them to be without substantial merit.
The judgment appealed herein is reversed and the cause remanded for a new trial on the issue of damages only.
RAWLS, C.J., and CARROLL, DONALD, K., J., concur.
NOTES
[1] Abram v. Odham, (Fla. 1956) 89 So.2d 334; Appell v. Dickinson, (Fla. 1954) 73 So.2d 824; Caldwell v. Personal Finance Co. of St. Petersburg, (Fla. 1950) 46 So.2d 726; Leonard v. Wilson, 150 Fla. 503, 8 So.2d 12; Coogler v. Rhodes, 38 Fla. 240, 21 So. 109.
[2] Annot., 29 A.L.R. 549 (1924).
[3] Berry v. Donovan (1905) 188 Mass. 353, 74 N.E. 603, 5 L.R.A.,N.S., 899, writ of error dismissed, 199 U.S. 612, 26 S.Ct. 745, 50 L.Ed. 333.
[4] Chipley v. Atkinson, 23 Fla. 206, 1 So. 934, 941-942.
[5] See Annot., 84 A.L.R. 94 (1933); Annot., 26 A.L.R.2d 1273 (1952).