411 So.2d 310 (1982)
A. R. E. E. A., INC., a Florida Corporation, Appellant,
v.
Sandra GOLDSTEIN and Sandra Goldstein & Associates, Inc., a Florida Corporation, Appellees.
No. 81-311.
District Court of Appeal of Florida, Third District.
March 23, 1982.
Schoninger, Jankowitz & Siegfried and Mark L. Deutsch, Miami, for appellant.
Lapidus & Stettin and Robert P. Frankel, Miami, for appellees.
Before HUBBART, C.J., and HENDRY and FERGUSON, JJ.
PER CURIAM.
The final summary judgment entered in favor of defendant Goldstein is affirmed. The record establishes, without genuine issue of material fact, that (a) there could be no tortious interference with the employment contract between plaintiff and Ms. Wiles since the contract was terminable at will, Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980); see also Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla. 4th DCA 1978); and (b) the underlying tort of willful interference with a business relationship, necessary to the establishment of a cause of action for conspiracy to interfere, could not exist since defendant was the source of the business opportunity which defendant and Ms. Wiles allegedly conspired to deprive plaintiff of. United Yacht Brokers, Inc. v. Gillespie, 377 So.2d 668 (Fla. 1979); Buckner v. Lower Florida Keys Hospital District, 403 So.2d 1025 (Fla. 3d DCA 1981); Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), pet. for rev. denied, 392 So.2d 1371 (Fla. 1981), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981); West v. Troelstrup, 367 So.2d 253 (Fla. 1st DCA 1979).
Affirmed.
FERGUSON, Judge (specially concurring).
I concur in the results but would reject the majority holding that there can be no actionable interference with an employment contract which is terminable at will. The cases relied upon in the majority opinion, Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980) and Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc., 261 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. *311 1979), stand for the rule that allegations of an intentional and unjustified interference with an existing business relationship which causes damage to the plaintiff establishes a prima facie case, and that the burden then shifts to the defendant to justify that interference. If the defendant can prove that the interference was merely that of lawful competition  a privilege which courts readily recognize when the contract interfered with is terminable at will  the defendant will not be found to have committed the tort of wrongful business interference. See W. Prosser, Law of Torts, § 129 (4th ed. 1971) at pp. 932, 946. See also Insurance Field Services, Inc. v. White & White Inspection and Audit Service, Inc., 384 So.2d 303 (Fla. 5th DCA 1981); Mays v. Stratton, 183 So.2d 43 (Fla. 1st DCA 1966), cert. denied, 188 So.2d 817 (Fla. 1966).