PER CURIAM.
The final summary judgment entered in favor of defendant Goldstein is affirmed. The record establishes, without genuine issue of material fact, that (a) there could be no tortious interference with the employment contract between plaintiff and Ms. Wiles since the contract was terminable at will, Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980); see also Lake Gateway Motor Inn, Inc. v. Matt’s Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla. 4th DCA 1978); and (b) the underlying tort of willful interference with a business relationship, necessary to the establishment of a cause of action for conspiracy to interfere, could not exist since defendant was the source of the business opportunity which defendant and Ms. Wiles allegedly conspired to deprive plaintiff of. United Yacht Brokers, Inc. v. Gillespie, 377 So.2d 668 (Fla.1979); Buckner v. Lower Florida Keys Hospital District, 403 So.2d 1025 (Fla. 3d DCA 1981); Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), pet. for rev. denied, 392 So.2d 1371 (Fla.1981), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981); West v. Troelstrup, 367 So.2d 253 (Fla. 1st DCA 1979).
Affirmed.