FERGUSON, Judge
(specially concurring).
I concur in the results but would reject the majority holding that there can be no actionable interference with an employment contract which is terminable at will. The cases relied upon in the majority opinion, Wackenhut Corp. v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980) and Lake Gateway Motor Inn, Inc. v. Matt’s Sunshine Gift Shops, Inc., 261 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. *311 1979), stand for the rule that allegations of an intentional and unjustified interference with an existing business relationship which causes damage to the plaintiff establishes a prima facie ease, and that the burden then shifts to the defendant to justify that interference. If the defendant can prove that the interference was merely that of lawful competition — a privilege which courts readily recognize when the contract interfered with is terminable at will — the defendant will not be found to have committed the tort of wrongful business interference. See W. Prosser, Law of Torts, § 129 (4th ed. 1971) at pp. 932, 946. See also Insurance Field Services, Inc. v. White & White Inspection and Audit Service, Inc., 384 So.2d 303 (Fla. 5th DCA 1981); Mays v. Stratton, 183 So.2d 43 (Fla. 1st DCA 1966), cert. denied, 188 So.2d 817 (Fla.1966).