415 So.2d 733 (1982)
UNISTAR CORPORATION, Appellant,
v.
Malcolm CHILD, Harry Solom, Harold Doan and Jeff Francis, Appellees.
No. 82-287.
District Court of Appeal of Florida, Third District.
May 4, 1982.
On Rehearing June 29, 1982.
Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Peter J. Winders and Donald E. Hemke, Tampa, for appellant.
Morton R. Goudiss and Donna R. Blaustein, Miami Beach, Harold Kassewitz, Miami, for appellees.
Before HENDRY, DANIEL S. PEARSON, and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is from an order denying Unistar's motion for preliminary injunction by which it sought to prevent former employees from contacting and selling to its customers. The trial court denied injunctive relief. We reverse.
The undisputed facts presented on the motion for preliminary injunction are as *734 follows: Unistar is in the business of selling investment grade diamonds and gemstones through "financial planners" to their clients. Over a three-year period Unistar compiled a list of some 4,200 financial planners who would be interested in selling diamonds. The list was compiled after screening some 12,000 known planners. Of that 4,200 known planners who would be interested, 1,850 were signed by Unistar as dealers. The cost to Unistar to distill the long list of financial planners down to the 1,850 who were signed as dealers was $800,000.00. The $800,000.00 in expenses was incurred in mailing solicitations, advertising in various magazines, newspapers and trade journals, setting up information booths at conventions, conducting training programs and seminars for prospective dealers  all over a period of three years from 1978 to 1981. Of those 1,850 signed-on dealers, only two hundred and seventy-four (274) actually sold Unistar's diamonds in the eighteen-month period preceding commencement of this lawsuit. Eighteen of those dealers generated 43% of all of Unistar's sales.
Appellees, all former employees of Unistar, quit their employment between November 10, 1981 and December 2, 1981 and began a competing business contacting and selling to Unistar's customers. Between November, 1981 and January, 1982 Unistar's sales fell approximately 84% from $440,000.00 to $70,000.00 per month. Appellees do not deny that their customer list is essentially the same list acquired and used by them while in Unistar's employ.
Appellees contend that Unistar is not entitled to a preliminary injunction because it failed to establish that there is a substantial likelihood of prevailing on the merits. They argue (1) the customer listings are available to the public and are not trade secrets, (2) Unistar's agreements with their dealers are terminable at will so there can be no action for interference with a contractual relationship, (3) in the absence of a written contract with anti-compete covenants appellees cannot be enjoined from calling on Unistar's customers, (4) there is no evidence that irreparable harm will result if injunctive relief is not granted.
The uncontroverted testimony before the trial court is that the listing of 1,850 financial planners who became Unistar's dealers are indeed the distillation of a larger list of financial planners, reflecting considerable effort, knowledge, time, and expense on the part of the plaintiff. The customer lists were periodically updated and when the new list was provided the old list was destroyed. The marketing representatives were instructed to keep the computer lists at their desks and not take them out of the office. These listings qualify as trade secrets, are the property of the employer, and cannot be used by the former employee for his own benefit. Erik Electric Company, Inc. v. Elliot, 375 So.2d 1136 (Fla. 3d DCA 1979). The lack of any express agreement on the part of the employee not to disclose a trade secret is not significant. The law will import into every contract of employment a prohibition against the use of a trade secret by the employee for his own benefit, to the detriment of his employer, if the secret was acquired by the employee in the course of his employment. Town & Country House & Homes Service, Inc. v. Evans, 150 Conn. 314, 189 A.2d 390 (1963).
The general rule is that an action will lie where a party tortiously interferes with a contract terminable at will.[1]Chipley v. Atkinson, 23 Fla. 206, 1 So. 934 (1887); Mays v. Stratton, 183 So.2d 43 (Fla. 1st DCA 1966). See also Truax v. Raich, 239 U.S. 33, 36, 36 S.Ct. 7, 9, 60 L.Ed. 131 (1915). The cases relied upon by appellees, Wackenhut Corporation v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980) and Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc., 361 So.2d 769 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1370 (Fla. 1979), stand for the rule that a showing of an intentional and unjustified interference with an existing business relationship which causes damage to the plaintiff establishes a prima facie case, and that the burden *735 then shifts to the defendant to justify that interference. If the defendant can prove that the interference was lawful competition  a privilege which the courts recognize when the contract is terminable at will  the defendant will not be found to have committed the tort of wrongful business interference. See W. Prosser, Law of Torts, § 129 (4th ed. 1971) at pp. 932, 946 and Insurance Field Services, Inc. v. White & White Inspection and Audit Service, Inc., 384 So.2d 303 (Fla. 5th DCA 1980).
Just as the lack of an agreement not to disclose a trade secret is not critical on the question of whether a plaintiff may enjoin its infringement, Town & Country House & Homes Service, Inc., supra, the lack of a written agreement not to compete does not prevent the court from enjoining unjustified interference with a business relationship if, on the facts, injunction is an appropriate remedy. See Azar v. Lehigh Corporation, 364 So.2d 860 (Fla. 2d DCA 1978); Paul's Drugs, Inc. v. Southern Bell Telephone and Telegraph Co., 175 So.2d 203 (Fla. 3d DCA 1965).
Lastly, we think appellant has made a prima facie showing of irreparable injury. Even if positive proof of an injury did not appear from the record, such irreparable harm could be presumed and need not be alleged or proved in a case involving wrongful interference with a business relationship. Sentry Insurance v. Dunn, 411 So.2d 336 (Fla. 5th DCA 1982).
The order appealed from makes no findings of facts. On review of the record before us, with the significant facts undisputed, we hold that denial of a preliminary injunction was an abuse of discretion.
Reversed and remanded with instructions to grant the preliminary injunction.

ON REHEARING EN BANC
Before HUBBART, C.J., and BARKDULL, HENDRY, SCHWARTZ, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
On the question whether an action will lie where a party tortiously interferes with a contract terminable at will, we recede from the panel decision in A.R.E.E.A., Inc. v. Goldstein, 411 So.2d 310 (Fla. 3d DCA 1982) and adopt the decision of the panel in this case, filed May 4, 1982, as the opinion of the en banc court.
NOTES
[1] See A.R.E.E.A., Inc. v. Goldstein, 411 So.2d 310 (Fla. 3d DCA 1982) holding to the contrary, which by separate opinion, this writer rejected as a correct statement of law.