426 So.2d 1013 (1983)
Vincent DOTOLO, John Dotolo, Vin-Dotco, Inc., a Florida Corporation, and Dotolo Citrus Research Corporation, a Florida Corporation, Appellants,
v.
Jerry P. SCHOUTEN and Helen P. Schouten, His Wife, and Environmental Protection Products Company, Inc., a Florida Corporation, a/K/a Eppco, Inc., Appellees.
No. 82-982.
District Court of Appeal of Florida, Second District.
January 14, 1983.
Rehearing Denied February 23, 1983.
*1014 F. Wallace Pope, Jr. of Johnson, Blakely, Pope, Bokor, Ruppel & Tew, P.A., Clearwater, for appellants.
Robert W. Pope of the Law Offices of Robert W. Pope, P.A., St. Petersburg, for appellees.
RYDER, Judge.
This appeal is from an order denying appellants' motion for a preliminary injunction by which they sought to prevent the misappropriation of a trade secret. We reverse.
Appellants filed a suit against appellees, alleging they had misappropriated their secret formula used to produce citrus-based pet products. Appellants sought damages as well as a preliminary and permanent injunction.
The facts presented at the motion for preliminary injunction are as follows: The parties initially engaged in business with each other in June 1977. Appellants' original sales to appellees involved a citrus-based, waterless hand cleaning product. In 1979, the parties discussed the possible marketing of a pet treatment and shampoo product to be manufactured from a citrus-based formula also originally developed by appellants but as a carpet cleaner. The appellees wanted to establish a more permanent relationship with appellants so that they would have an assured supply of appellants' formulations. Toward that end, a meeting between the parties was held at the office of appellees' attorneys to discuss a distributorship agreement. The facts are in dispute as to whether the parties entered into an express oral agreement of confidentiality concerning the formulas of appellants' citrus-based products. The appellants claim there was such an agreement. The appellees testified that, although appellants informed them that the formulas were secret, the appellees did not agree to treat the formulas as secret.[1]
As a result of the meeting, appellants began selling their citrus-based pet products to appellees. The appellants required the appellees to place on all bottles of pet shampoo and pet treatment the appellants' logo and the words "Patent Pending" to indicate to consumers that the material in the bottle was appellants' formulation and that appellants had applied for U.S. patents on the products.
In early 1981, the appellees requested that appellants grant them an exclusive right to market appellants' citrus-based products in the United States. Although the parties contemplated that a formal written agreement would be executed, the parties were never able to come to terms, and appellants ceased selling their products to appellees. When the appellees' supply of the secret formulation was no longer available *1015 to them from appellants, appellees took samples of appellants' formulation to a chemical laboratory and had the samples analyzed to determine the percentage of the various ingredients in the product. After exhausting their supply of appellants' products in inventory, the appellees began making and selling their imitation of appellants' product.
The appellants contend that injunctive relief is the only complete and adequate remedy to stop the appellees' continuing misappropriation of their secret formula. We agree. They argue that irreparable harm and inadequate remedy at law should be presumed in an action for injunctive relief with respect to the misappropriation of a trade secret. We agree.
The uncontroverted testimony before the trial court is that the formula of the citrus-based product was developed by the appellants. The appellees were instructed that the formula was a trade secret and that the appellants wished to protect it. The lack of any express agreement on the part of the appellees not to use or disclose appellants' trade secret is not significant. The existence of a confidential relationship such as that in this case gives rise to an implied obligation not to use or disclose. See Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 94 S.Ct. 1879, 40 L.Ed.2d 315 (1974); Z. Cavitch, Business Organizations, § 233.01(2), at 233-236.
While a temporary or preliminary injunction is an extraordinary remedy which should be granted sparingly, the establishment of legal rights carries with it the duty to grant an appropriate remedy. Silvers v. Dis-Com Securities, Inc., 403 So.2d 1133 (Fla. 4th DCA 1981). The misappropriation and continuing use of a trade secret constitutes a continuing tort. See 55 Am.Jur.2d Monopolies, Restraints of Trade, and Unfair Trade Practices, § 713 (1971). The prevention of continuing wrongs is a well recognized basis for injunctive relief, as is the prevention of a multiplicity of suits. See generally 29 Fla.Jur.2d Injunctions § 15; 22 Fla.Jur.2d Equity §§ 15, 16.
In the case sub judice, injunctive relief was the only appropriate remedy against the appellees' continuing act of misappropriation. Implicit in our holding is a recognition that irreparable injury may be presumed in cases involving wrongful interference with a business relationship. Irreparable injury need not be alleged or proven. Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982); Silvers v. Dis-Com Securities, Inc., supra.
Accordingly, the order denying the preliminary injunction is reversed and the cause remanded with directions to enter an order granting a temporary injunction, and to conduct further proceedings in conformity with this opinion.
GRIMES, A.C.J. and NELSON, WILLIAM J., Associate Judge, concur.
NOTES
[1] At the hearing on the request for preliminary injunction, the appellees' former attorney testified that the appellees acknowledged that appellants had a patent pending on the formulas and agreed that the formulas were secret.