FERGUSON, Judge.
This appeal is brought to review an order denying a preliminary injunction. Braman Motors, Inc. claims entitlement to an injunction to prevent a former employee from soliciting its Roll Royce service customers from a list which was cultivated over a period of years at considerable expense. Ward, the former employee, argues that (1) the list of Rolls Royce owners is not entitled to protection because the information is available from public records, and (2) his actions constituted lawful competition. The record does not support either of Ward’s arguments.
The entire evidence before the trial court consisted of Braman’s uncontroverted affidavits. John Ward had been employed at Braman for over six years and had access to the names and addresses of Braman’s Rolls Royce customers. Shortly after leaving Braman’s employ Ward wrote to the customers informing them of his association with another company, Silver Lady Motors, Inc., which would compete with Braman. A manager employed by Rolls Royce Motors, Inc. swore by affidavit that the customer list is confidential and that the names of its Rolls Royce owners are not available to the general public. Further, Braman’s managers swore that the number of customers had grown over a long period of time at Braman’s effort and expense.
This case is factually indistinguishable from Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982) (en banc), where we held that the denial of a preliminary injunction to prevent use of a confidential customer list by former employees was an abuse of discretion. See also Erik Electric Company v. Elliot, 375 So.2d 1136 (Fla. 3d DCA 1979). The controlling law is thoroughly reviewed in the two cases.
Our decision in this interlocutory appeal is based on a finding that appellant has made a showing, reasonably free from doubt, that maintenance of the status quo is necessary to prevent irreparable injury. See Sackett v. City of Coral Gables, 246 So.2d 162 (Fla. 3d DCA 1971). The evidence presented by this sparse record, and the conclusions reached here based on that evidence, will not be binding after a full hearing on the merits where appellees may be able to show that appellant’s customer list does not qualify as a trade secret. See Ladner v. Plaza Del Prado Condominium Association, Inc., 423 So.2d 927 (Fla. 3d DCA 1982) (factual findings made at a hearing for preliminary injunction are not binding at the trial on the merits), rev. denied, 434 So.2d 887 (Fla.1983).
Reversed and remanded with instructions to grant a preliminary injunction.
NESBITT, J., concurs.