669 So.2d 1076 (1996)
SETHSCOT COLLECTION, INC., etc., et al. Appellants,
v.
Walter DRBUL, Appellee.
No. 95-2921.
District Court of Appeal of Florida, Third District.
March 6, 1996.
*1077 Lee Anne LeBlanc, Hollywood; Mark S. Kimmel, Miami, for appellants.
Buchanan Ingersoll, Tampa, and Jeremy A. Koss, Hollywood, for appellee.
Before SCHWARTZ, C.J., and COPE and GODERICH, JJ.
PER CURIAM.
The plaintiffs appeal from an order denying their motion for preliminary injunction. We affirm, in part, and reverse, in part.
The defendant, Walter Drbul, is a former officer, director, and employee of the plaintiff corporations. The plaintiffs specialize in the customization of clothing and accoutrements emblazoned with the name and/or logo of various fraternities, sororities, and other organizations. After approximately eight years of operation, the defendant resigned to open his own competing business.
The plaintiffs sued the defendant for violation of the Uniform Trade Secret Acts, breach of fiduciary duty, tortious interference, unfair competition, civil theft, and conversion. The plaintiffs moved for a preliminary injunction seeking to enjoin the defendant from using alleged "trade secrets." [1] Judge Rothenberg entered a temporary preliminary injunction that, in part, enjoined the defendant from utilizing the plaintiffs' prospective and active customer lists and from contacting, soliciting or transacting business with any active or prospective customer "whose identity was learned by Defendant in the course of his association with the Plaintiff entities or from customer ... lists obtained from Plaintiffs." Judge Rothenberg's order further stated that "[t]his order shall be in force until Judge Goldman hears further argument and/or evidence on the matter."
Thereafter, Judge Goldman conducted an evidentiary hearing on the plaintiffs' motion for preliminary injunction and the defendant's motion to dissolve the temporary preliminary injunction. The trial court granted the defendant's motion to dissolve and denied the plaintiffs' motion for preliminary injunction. In doing so, the trial court found, in part, that the customer lists were not trade secrets.
*1078 The plaintiffs contend that the trial court erred in denying their motion for preliminary injunctive relief and finding that certain items are not trade secrets. We agree, in part.
The plaintiffs seek to enjoin the defendant from utilizing their prospective customer list. The prospective customer list contains the names of 9,600 social fraternities and sororities. This information was obtained from commercially available materials. Because the prospective customer list is compiled from information that is readily ascertainable to the public and are not the "product of any great expense or effort," it "does not qualify as [a] trade secret[] entitled to injunctive protection." Templeton v. Creative Loafing Tampa, Inc., 552 So.2d 288, 289 (Fla. 2d DCA 1989); see also, Mittenzwei v. Industrial Waste Serv., Inc., 618 So.2d 328 (Fla. 3d DCA 1993).
The plaintiffs also seek to enjoin the defendant from using their active customer list. The active customer list is a distillation of the prospective customer list and contains the names of approximately 6,800 sororities and fraternities that have actually ordered from the plaintiffs in the past eight years. The active customer list also contains a detailed purchasing history for each sorority and fraternity on the list. Moreover, the active customer list is confidential and not readily ascertainable to the public. Under the circumstances, we find that the active customer list does qualify as a trade secret entitled to injunctive protection. Accordingly, we find that the trial court erred in failing to enjoin the defendant from utilizing this list. Nonetheless, because the parties never entered into a non-compete agreement, contrary to the temporary preliminary injunction entered by Judge Rothenberg, the defendant is in no way enjoined from competing with the plaintiffs, including contacting and soliciting business from the sororities and fraternities that the plaintiffs have conducted business with. Moreover, although the defendant is enjoined from utilizing the active customer list, the defendant is not "precluded from utilizing contacts and expertise gained during his former employment or even customer lists he himself developed." Templeton, 552 So.2d at 290 (citations omitted). See Lovell Farms, Inc. v. Levy, 641 So.2d 103 (Fla. 3d DCA 1994); Unistar Corp. v. Child, 415 So.2d 733, 735 (Fla. 3d DCA 1982); Erik Electric Co. v. Elliot, 375 So.2d 1136 (Fla. 3d DCA 1979); Inland Rubber Corp. v. Helman, 237 So.2d 291, 294-95 (Fla. 1st DCA 1970).
As to the remaining items that the plaintiffs alleged were misappropriated by the defendant, we find that the evidence does not demonstrate that they are "trade secrets."
Accordingly, the portion of the order finding that the active customer list does not qualify as a trade secret entitled to injunctive protection is reversed, and the remaining portions of the order are affirmed.
Affirmed, in part, and reversed, in part.
SCHWARTZ, C.J., and GODERICH, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I concur with almost all of the majority opinion. However, in my view appellants are also entitled to a temporary injunction against use of the appellants' prospective customer list and computer program. Under the evidence these are properly viewed as trade secrets. In addition to a proscription on use, the injunction should direct appellee to return the original and all copies of the lists and program to appellants.
NOTES
[1] Section 688.002(4), Florida Statutes (1995), of the Uniform Trade Secrets Act, defines "trade secret" as follows:

[I]nformation, including a formula, pattern, compilation, program, device, method technique, or process that:
(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.