826 So.2d 415 (2002)
OPEN MAGNETIC IMAGING, INC., Appellant,
v.
Myrta NIEVES-GARCIA, Appellee.
No. 3D02-816.
District Court of Appeal of Florida, Third District.
August 7, 2002.
Rehearing Denied October 9, 2002.
*416 Fine & Martinez, P.A. and Juan C. Martinez; Mario R. Delgado, Miami, for appellant.
Robert M. Mayer, for appellee.
Before LEVY, GERSTEN, and GREEN, JJ.
PER CURIAM.
Open Magnetic Imaging, Inc. ("OMI") appeals the denial of its motion for temporary injunction which sought to enjoin its former employee, Myrta Nieves-Garcia, from working for one of its competitors pursuant to the terms of a non-compete provision contained in its employment agreement. OMI asserts, and we agree, that the lower court abused its discretion when it found the non-compete provision to be unenforceable. For the reasons which follow, on remand we direct the trial court to narrow the geographical area of restraint to an area reasonably necessary to protect OMI's business interests.
OMI operates various magnetic resonance imaging ("MRI") centers and other supportive offices in the Dade, Broward and Palm Beach counties. On November 1, 1999, OMI presented a written offer of employment to Nieves-Garcia to serve as a Physician Relations Representative to market OMI's services to area physicians in northeast Dade County. The written offer specified that Nieves-Garcia's employment was to be "at-will" and that she was going to be required to sign an employee confidentiality agreement. Nieves-Garcia accepted the terms of employment *417 by signing the written offer on November 13, 1999. Prior to her employment with OMI, Nieves-Garcia had never marketed MRI services.
On January 3, 2000, Nieves-Garcia commenced work for OMI and received an OMI employee manual which stated that she would receive confidential information during the course of her employment. She also executed an employment agreement which contained the non-compete provisions at issue in this case. Those provisions essentially precluded Nieves-Garcia from working with or for any individual or entity that provides or performs MRI services within a 10-mile radius of OMI's principal office or the principal place of business of any of its affiliates for a period of two years following the termination of her employment agreement.
On May 31, 2000, OMI presented Nieves-Garcia with an amendment to the employment agreement for her execution. This amendment added more OMI facilities to the previous list. Nieves-Garcia signed this amendment to the employment agreement.
Nieves-Garcia worked for OMI as a Physician Relations Representative until her resignation on November 10, 2001. Following her resignation, Nieves-Garcia went to work as a marketing representative for one of OMI's competitors at a location well within a 10-mile radius of one of OMI's facilities. In her new position, Nieves-Garcia is responsible for marketing MRI services to area physicians, including those who refer patients to OMI.
OMI brought this action seeking to obtain both a temporary and permanent injunction. After a hearing on OMI's motion for temporary injunction, the trial court denied the same on the ground that OMI's success on the merits was unlikely given OMI's failure to inform Nieves-Garcia, in its employment offer, that she would have to sign a non-compete provision as a condition to her employment. The court also based its non-enforcement of the agreement on the overbroad geographical area of restriction. OMI timely brought this appeal.
The first ground for the denial of OMI's motion for temporary injunction was based upon the court's perception that OMI had somehow engaged in a questionable business practice by not informing Nieves-Garcia, in its initial offer of employment, that she would be bound by a non-compete provision. As a result, the court found that OMI had failed to establish the likelihood of success on the merits. Although OMI's offer of employment letter informed Nieves-Garcia that she would be required to sign an employee confidentiality agreement as a condition of employment, the trial court noted that this letter never specifically advised her of the restrictions upon her ability to accept work in a similar field for two years after her separation from OMI. On this appeal, OMI asserts that, under Florida law, this was not a valid reason for the denial of its motion for temporary injunction. We agree.
Where, as here, employment is terminable at will by either the employer or employee, Florida courts have routinely enforced non-compete agreements even where an employee has been requested to execute such agreements after commencement of employment. See e.g., Aero Kool Corp. v. Oosthuizen, 736 So.2d 25 (Fla. 3d DCA 1999) (reversing denial of temporary injunction and enforcing non-compete agreement executed four years after employee's commencement of employment where court found legitimate business interest); Coastal Unilube, Inc. v. Smith, 598 So.2d 200 (Fla. 4th DCA 1992) (holding that the employee's continued employment *418 was adequate consideration to support covenant not to compete entered into after employee had begun his employment on an at will basis); Wright & Seaton, Inc. v. Prescott, 420 So.2d 623 (Fla. 4th DCA 1982) (where employee executed a non-compete clause one year after employment commenced, the court rejected the employee's lack of mutuality defense finding, among other things, that the employee's promise became binding upon him and enforceable by injunction based upon subsequent conduct, even if the contact lacked mutuality at its inception); Orkin Exterminating Co., Inc. v. Girardeau, 301 So.2d 38 (Fla. 1st DCA 1974) (affirmed lower court's enforcement of non-competition agreement executed four months after commencement of employment and held that trial judge did not abuse its discretion in restricting area to city in which former employee had previously worked); Tasty Box Lunch Co. v. Kennedy, 121 So.2d 52 (Fla. 3d DCA 1960) (agreement enforceable even though signed three months after employee began working; continued employment and agreement to pay commission constituted consideration).
Although these cases seemingly were decided upon the issue of whether there was adequate consideration to support the non-compete agreement executed after the employee's commencement of work, it is of significance that none of these decisions found any impropriety in the timing of the execution of these agreements. In fact, we have located no Florida decision to date which has declined to enforce a non-compete agreement by virtue of the fact that an employee has been required to execute it after employment has commenced.
As its second basis for the denial of OMI's motion for temporary injunction, the trial court concluded that the geographical area encompassed by the restrictive covenant was far too broad to protect OMI's business interests. OMI operates MRI centers in Dade, Broward and Palm Beach counties and the trial court found the provisions of the non-compete clause to be far too restrictive on an employee who had only worked for OMI in Dade County. While we find no abuse of discretion with the trial court's preliminary assessment that the non-compete provision appears to be unduly restrictive on an employee such as Nieves-Garcia who has worked only in Dade County, we do conclude that the trial court abused its discretion in denying injunctive relief rather than modifying the restraint to reasonably protect OMI's business interests pursuant to Section 542.335(1)(c).[1]See Orkin Exterm. Co., Inc., v. Girardeau, supra. See also Shields v. The Paving Stone Co., 796 So.2d 1267 (Fla. 4th DCA 2001).
Nieves-Garcia argues on this appeal that even if the trial court's reasons for the denial of injunctive relief were erroneous, we must nevertheless affirm if the order is otherwise supported by any valid reason or basis. See Dade County School Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). See also, Home Depot U.S.A. Co., Inc. v. Taylor, 676 So.2d 479, 480 (Fla. 5th DCA 1996); Carraway v. Armour & Co., 156 So.2d 494 (Fla.1963). Specifically, Nieves-Garcia maintains that OMI's motion for injunctive relief was properly denied where OMI failed to demonstrate that it had a legitimate business purpose for the restrictive covenant. Section 542.335 provides:

*419 "[t]he person seeking enforcement of a restrictive covenant shall plead and prove the existence of one or more legitimate business interests justifying the restrictive covenant. The term `legitimate business interest' includes, but is not limited to:
1. Trade secrets, as defined in s. 688.002(4).
2. Valuable confidential business or professional information that otherwise does not qualify as trade secrets.
3. Substantial relationships with specific prospective or existing customers, patients, or clients.
4. Customer, patient, or client goodwill associates with:
a. An ongoing business or professional practice, by way of trade name, trademark, service mark, or `trade dress';
b. A specific geographic location; or
c. A specific marketing or trade area.
5. Extraordinary or specialized training.
Any restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable.
§ 542.335(1)(b), Fla. Stat. (2001).
Although the trial court made no finding as to OMI's legitimate business interest in the restrictive covenant, we cannot agree with Nieves-Garcia that the record evidence before us failed to establish a legitimate business interest. OMI's marketing representatives, including Nieves-Garcia, were trained to market OMI's services to area doctors, primarily orthopedists and neurologists. As part of their job, marketing representatives were expected to compile a database on these physicians which contained the nature and idiosyncrasies of their practices, as well as information as to their referral patterns and preferences and which insurance they accepted. There was evidence that OMI had created this database system as part of its confidential strategic marketing plan. Contrary to the assertions made by Nieves-Garcia, we find this to be a legitimate business interest entitled to protection under Section 542.335. See East v. Aqua Gaming, Inc. 805 So.2d 932 (Fla. 2d DCA 2001); Sethscot Collection, Inc. v. Drbul, 669 So.2d 1076 (Fla. 3d DCA 1996); Unistar Corp. v. Child, 415 So.2d 733 (Fla. 3d DCA 1982); Erik Elec. Co., Inc. v. Elliot, 375 So.2d 1136 (Fla. 3d DCA 1979).
Thus, for all of the foregoing reasons, the order denying the motion for temporary injunction is reversed, but upon remand for the imposition of the injunction we direct the trial court to modify and narrow the scope of the restrictive covenant to protect the appellant's legitimate business interests.
Reversed with directions.
NOTES
[1] That section provides that:

If a contractually specified restraint is overbroad, overlong, or otherwise not reasonably necessary to protect the legitimate business interest or interests, a court shall modify the restraint and grant only the relief reasonably necessary to protect such interest or interests. (emphasis added).