[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11155
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-02782-EAK-EAJ

ALFRED MOON,
ALFRED MOON, JR.,
CHERYL MOON,
MEGAN WHITE,

Plaintiffs -
Counter Defendants -
Appellants,

versus

MEDICAL TECHNOLOGY ASSOCIATES, INC.,

Defendant -
Counter Claimant -
Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 18, 2014)

Before TJOFLAT, JORDAN and COX, Circuit Judges.

PER CURIAM:

This case considers whether the district court erred by granting a preliminary injunction which enjoined the Plaintiffs—Alfred Moon, Alfred Moon, Jr., Cheryl Moon, and Megan White—from violating restrictive covenants in their employment agreements with Medical Technology Associates, Inc. ("MTA"). Because the district court made findings of fact without allowing an evidentiary hearing, we vacate the district court's preliminary injunction and remand for further proceedings.

## I. Facts and Procedural History

The Plaintiffs in this suit each signed employment agreements when they began working for MTA. While the terms of the agreements varied, each contained restrictive covenants preventing the disclosure of confidential information, solicitation of MTA's customers, and restricting competition with MTA.

Over a three year period, each of the Plaintiffs left employment with MTA and began working for a similar company called Advanced Compliance Solutions. Following their departure, MTA sent the Plaintiffs "cease and desist" letters claiming they were violating the terms of the restrictive covenants and threatening legal action.

2

In response, the Plaintiffs filed this suit seeking a declaratory judgment that they were not violating the restrictive covenants or that the restrictive covenants were invalid. MTA responded by filing a counter-claim for an injunction and moved for a preliminary injunction enjoining the Plaintiffs from violating the restrictive covenants. The parties submitted various conflicting affidavits related to the motion for a preliminary injunction. The Plaintiffs moved for an evidentiary hearing on the motion. The district court denied the motion, but held a non-evidentiary oral argument on the motion. After the oral argument, the court issued an order granting the preliminary injunction. The Moons appeal.

## II. Issues on Appeal

On appeal, the Plaintiffs contend that the district court erred by issuing the preliminary injunction. Specifically, they contend that the district court erred by not holding an evidentiary hearing, erred by holding that MTA was likely to succeed on the merits, and erred by holding that MTA would be irreparably harmed absent a preliminary injunction.

## III. Standard of Review

We review the decision to grant a preliminary injunction for abuse of discretion. "In so doing, we review the findings of fact of the district court for clear error and legal conclusions de novo. This scope of review will lead to reversal only if the district court applies an incorrect legal standard, or applies

3

improper procedures, or relies on clearly erroneous factfinding, or if it reaches a conclusion that is clearly unreasonable or incorrect." *Forsyth Cnty. v. U.S. Army Corps of Engineers*, 633 F.3d 1032, 1039 (11th Cir. 2011).

## IV. Discussion

### A. The district court should have conducted an evidentiary hearing.

The Plaintiffs contend that the district court erred by denying their motion for an evidentiary hearing and deciding the preliminary injunction motion without an evidentiary hearing.

An evidentiary hearing is not always required before the issuance of a preliminary injunction. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989). But, "[w]here the injunction turns on the resolution of bitterly disputed facts, however, an evidentiary hearing is normally required to decide credibility issues." *Id.*

To reach its conclusion in this case, the district court made extensive factual findings. In fact, the district court's order—which MTA drafted—includes almost five pages of factual findings. However, many of these facts are disputed by the parties' conflicting affidavits. For example, the Plaintiffs dispute whether they competed in the restricted area (R. 18-3 at 4–5), whether they solicited MTA's customers (18-8 at 2), and whether MTA's customer relationships were substantial (R. 18-3 at 5, R. 18-6 at 5, R. 18-7 at 3). Additionally, the district court's order

4

states that the Plaintiffs "admittedly used confidential information to steer business away from MTA." (R. 35 at 5.) But the Plaintiffs never made this admission and in fact stated they did not use confidential information. (R. 18-3 at 5–6, R. 18-5 at 2.) Despite these conflicts, the district court's order neither references the Plaintiffs' affidavits, nor explains why the Plaintiffs' affidavits are not credible.

In this case, "where much depends upon the accurate presentation of numerous facts, the trial court erred in not holding an evidentiary hearing to resolve these hotly contested issues." *Id.* In the face of two plausible affidavits "submitted to demonstrate a contested issue, the district court is not at liberty to accept one construction of the evidence and reject the other without the benefit of an evidentiary hearing." *CBS Broadcasting Inc. v. EchoStar Communications Corp.*, 265 F.3d 1193, 1207 (11th Cir. 2001). On remand, the district court should conduct an evidentiary hearing. And, the movant—in this case MTA—must clearly satisfy the burden of persuasion as to each element of the preliminary injunction. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

**B. We cannot decide the merits of the preliminary injunction at this time.**

The Plaintiffs also contend that the district erred by failing to apply Florida law and by applying an incomplete irreparable injury standard. However, because the propriety of the injunction turns on factual findings, we cannot decide the merits of the preliminary injunction.

5

On remand the district court should consider the application of *Shields v. Paving Stone Co., Inc.*, 796 So. 2d 1267, 1269 (Fla. 4th DCA 2001), because a federal court sitting in diversity is bound to apply the law of the forum state. *See Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009) ("[W]e are 'bound' to follow an intermediate state appellate court 'unless there is persuasive evidence that the highest state court would rule otherwise.'"). Additionally, the district court should apply the preliminary injunction standard we dictated en banc in *Siegel*, 234 F.3d at 1176. In this Circuit, "a preliminary injunction is an extraordinary and drastic remedy." *Id.* (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998)). To show irreparable injury, MTA bears the burden of clearly establishing it will be harmed in the future by an actual and imminent injury for which adequate compensatory or other corrective relief will not be available. *See Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 953 (1974); *Siegel*, 234 at 1176.

## V. Conclusion

The district court erred by failing to hold an evidentiary hearing. Accordingly, we vacate the court's injunction and remand with instructions to hold an evidentiary hearing and further proceedings.

**PRELIMINARY INJUNCTION VACATED, CASE REMANDED WITH INSTRUCTION.**